UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARIAN E. McVICKER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:20-CV-294-TLS-JPK |
| ) | |
| JUDITH J. McCORMICK, ) | |
|     Defendant. ) | |

### OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Marian E. McVicker filed a Complaint (ECF No. 1) asserting this Court's subject matter jurisdiction based on diversity of citizenship of the parties. As the party invoking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, Plaintiff and Defendant Judith J. McCormick must be citizens of different states, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy, but the Complaint's allegations are insufficient as to the citizenship of both Plaintiff and Defendant.

The Complaint states: "At all times relevant to this claim, Plaintiff was a resident of Munster, Lake County, Indiana," and "Defendant was a resident of Orland Park, Will County, Illinois." (ECF No. 1, ¶¶ 1-2). The Complaint further alleges that the Court "has diversity jurisdiction because the Defendant resides in Illinois and Plaintiff resides in Indiana, and the

amount in controversy is more than $75,000." (*Id*. at ¶ 3). These allegations are insufficient for the purpose of determining diversity of citizenship. Citizenship of a natural person for purposes of diversity jurisdiction is determined by domicile, not by residence, "and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Allegations of residency in a state are therefore insufficient. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient."). Rather, Plaintiff must allege both her and Defendant's citizenship based on their domicile at the time the Complaint was filed, not merely their "residence" at "all times relevant to this claim," as alleged here. (Compl. ¶¶ 1-2, ECF No. 1). *See also Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("A natural person is a citizen of the state in which she is domiciled . . . diversity is assessed at the commencement of the action, as defined by Federal Rule of Civil Procedure 3 as the time of pleading").

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege the citizenship of both Plaintiff and Defendant. Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **September 2, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of both Plaintiff and Defendant as stated above.

So ORDERED this 19th day of August, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
